IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SLICK SLIDE LLC | ) | Case Number: 4:23-cv-00643-O |
| | ) | |
| Plaintiff, | ) | Judge: O'Connor |
| | ) | |
| v. | ) | |
| | ) | |
| NKDZ DFW, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SPACEBOUND OPERATIONS, LLC | ) | |
| | ) | |
| Defendants. | ) | |


**DEFENDANTS' MOTION TO STAY AND OPENING BRIEF IN SUPPORT THEREOF**

## MOTION

Defendants NKDZ DFW LLC and SpaceBound Operations, LLC ("Defendants") hereby move this Court for an order to stay the claims against the Defendants pursuant to the customer-suit exception, . This motion is made following discussions amongst counsel pursuant to L.R. 7.1 that took place up through December 4, 2023, which included counsel for Defendants providing counsel for Plaintiff written correspondence outlining both the factual and legal basis for this Motion.  Following receipt of the above, counsel for Plaintiff indicated that Plaintiff would oppose this Motion.

Respectfully submitted,

Dated: December 18, 2023

By: /s/ *Kristopher L. Reed*
Kristopher L. Reed
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7100
Facsimile:  (214) 922-7101
Email: kreed@kilpatricktownsend.com

*Attorney for Defendants*

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT ................................................................................................................... 3

I.    LEGAL STANDARD ............................................................................................ 3

II.   A STAY IS APPROPRIATE BECAUSE ALL THREE CUSTOMER-SUIT
EXCEPTION FACTORS WEIGH IN FAVOR OF A STAY. ....................................... 4

      A.    PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS ARE PERIPHERAL
      TO ITS CLAIMS AGAINST THE COLORADO DEFENDANTS. ................................ 4

      B.    THE DEFENDANTS AGREE TO BE BOUND BY THE COLORADO COURT'S
      FINDINGS AS TO INFRINGEMENT BY THE ACCUSED PRODUCT. ....................... 6

      C.    PLAINTIFF'S INFRINGEMENT ALLEGATIONS ARE LIMITED TO
      ACCUSED PRODUCTS SUPPLIED BY THE COLORADO DEFENDANTS. ............. 7

III.  THE TRADITIONAL FACTORS FURTHER SUPPORT A STAY OF PLAINTIFF'S
CASE AGAINST THE DEFENDANTS. ....................................................................... 7

      A.    PLAINTIFF WILL NOT BE HARMED OR UNDULY PREJUDICED BY A
      STAY ................................................................................................................ 8

      B.    A STAY WILL SIMPLIFY THE ISSUES IN THIS CASE AND PROMOTE
      JUDICIAL ECONOMY. ..................................................................................... 9

      C.    THIS CASE IS IN ITS EARLY STAGES ........................................................... 10

CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*Anderson v. Red River Waterway Comm'n*,
  231 F.3d 211 (5th Cir. 2000) ................................................................. 3
*Cal. Inst. of Tech. v. Broadcom Ltd.*,
  25 F.4th 976 (Fed. Cir. 2022) ................................................................. 8
*Decapolis Sys., LLC v. Univ. Health Sys. Servs. Of Tex., Inc.*,
  No. 6:21-cv-01252-ADA, 2022 WL 2373705 (W.D. Tex. June 30, 2022) ....................... 5, 10
*Glenayre Elecs., Inc. v. Jackson*,
  443 F.3d 851 (Fed. Cir. 2006) ................................................................. 8
*GreatGigz Sols., LLC v. Costco Wholesale Corp.*,
  No. 6-21-CV-00808, 2022 WL 1037114 (W.D. Tex. Apr. 6, 2022) ........................... 5, 7, 8, 9
*In re Google Inc.*,
  588 F. App'x 988 (Fed. Cir. 2014) ................................................................. 4
*In re Nintendo of Am. Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014) ................................................................. 3, 4
*In re Trustees of Bos. Univ. Patent Cases*,
  No. CV 13-102327-PBS, 2014 WL 12576638 (D. Mass. May 16, 2014) ............................. 8
*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990) ................................................................. 3, 4, 6
*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................. 3
*Lighthouse Consulting Group, LLC v. Truist Bank*,
  No. 2:19-CV-03340-JRG, 2020 WL 6781977 (E.D. Tex. Apr. 7, 2020) ....................... 5
*Mendenhall v. Barber-Greene Co.*,
  26 F.3d 1573 (Fed. Cir. 1994) ................................................................. 9
*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
  657 F.3d 1349 (Fed. Cir. 2011) ................................................................. 3, 4
*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*,
  458 F.3d 1335 (Fed. Cir. 2006) ................................................................. 4
*Tissue Anchor Innovations, LLC v. Fountain Valley Reg'l Hosp.*,
  No. SACV 19-00791 JVS, 2019 WL 8219779 (C.D. Cal. Nov. 25, 2019) ....................... 4
*Topia Tech., Inc. v. Dropbox, Inc.*,
  No. 6:21-CV-01373-ADA, 2022 WL 18109619 (W.D. Tex. Dec. 29, 2022) ............. 4, 5, 6, 8
*Unicorn Glob., Inc. v. Golabs, Inc.*,
   No. 3:19-CV-754-N-BT, 2020 WL 9076548 (N.D. Tex. Oct. 7, 2020) ............... 4, 6, 7, 8, 10
*Wapp Tech. Ltd. P'ship v. Hewlett-Packard Enter. Co.*,
  No. 4:18-CV-00468, 2019 WL 3818761 (E.D. Tex. Aug. 14, 2019) ....................... 6

# INTRODUCTION

Plaintiff Slick Slide, LLC ("Plaintiff") is suing NKDZ DFW LLC and SpaceBound Operations, LLC ("Defendants"), alleging infringement of Plaintiff's design patent. Based on screenshots taken from one of the defendant's Facebook posts, Plaintiff alleges that the Defendants "operat[e] and use" a recreational slide that infringes Plaintiff's design patent. *See* Amended Complaint (Dkt. 10), ¶ 13.

A few days after filing this action, Plaintiff also filed an action in the United States District Court for the District of Colorado, claiming that two individuals ("the Colorado Defendants") in that State "manufacture, offer for sale, and sell" recreational slides and thereby allegedly infringe the exact same design patent asserted in this case. *See* Complaint at ¶ 18, Slick Slide LLC v. Reed, No. 1:23-cv-1649 (D. Colo. June 28, 2023) ("the Colorado Suit"). The Plaintiff used the Defendant's Facebook posts to support its allegations in the Colorado case. *See id.* at Ex. A.

Plaintiff's claims against NKDZ and SpaceBound should be stayed pursuant to the customer-suit exception and the traditional stay factors. The Defendants are being sued merely because they "operat[e] and use" recreational slides that Plaintiff alleges infringe on its design patent; however, the Defendants have no role in the design or manufacture of the accused slide, but instead are mere purchasers of slides procured by the primary Colorado Defendant. Plaintiff is already pursuing the exact same infringement case against that Colorado Defendant, who is the individual who provided the slide to Defendants. Plaintiff's patent infringement claims against Defendants are thus cumulative and peripheral to Plaintiff's claims against the Colorado Defendants. Moreover, as the same patent claim and defenses are being asserted in the Colorado case, that case has the potential to resolve the major (if not all) issues against the Defendants.

1

Accordingly, the Court should exercise its discretion to stay the case against the Defendants pending final resolution of all claims in the Colorado case, thereby providing an economical and efficient alternative to proceeding with unnecessary, duplicative litigation.

## **FACTUAL BACKGROUND**

Plaintiff brought this action against the Defendants, alleging that the Defendants infringe U.S. Design Patent No. D973,821 (the "Design Patent"). *See* Amended Complaint (Dkt. 10), ¶ 10, 13. The Design Patent is allegedly directed to an ornamental design for a recreational slide. *See* Complaint (Dkt. 1), Ex. A to same. Plaintiff supports its allegations of infringement by reference to screenshots from Defendant NKDZ's Facebook and Instagram pages, which show pictures of the allegedly infringing slide. *See id.* at Ex. B to same.

A few days after filing this action, Plaintiff filed an action in the United States District Court for the District of Colorado, claiming that the Colorado Defendants "manufacture, offer for sale, and sell" recreational slides that infringe Plaintiff's Design Patent. *See* Complaint at ¶ 18, Slick Slide LLC v. Reed, No. 1:23-cv-1649 (D. Colo. June 28, 2023). As alleged support for its allegations in that complaint, Plaintiff used the exact same screenshots submitted in this case. *See id.* at Ex. B.

The allegations against the Defendants in this case are limited and make clear that the Defendants are being sued solely because they are customers of the Colorado Defendants. In the Amended Complaint in this case, the Plaintiff alleges only that the Defendants infringe the Design Patent because they "operat[e] and use" the Accused Product. *See* Amended Complaint (Dkt. 10), ¶ 13.  There are no disputes that one of the Colorado Defendants, Mr. Chad Reeves, is responsible for the manufacture and sale to Defendants of the accused slides.

2

## ARGUMENT

This Court should stay this case pending resolution of the Colorado Suit because deferring Plaintiff's duplicative case against the Defendants would "facilitate [the] just, convenient, efficient, and less expensive determination." *In re Nintendo of Am. Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014). Generally, "litigation against . . . the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Accordingly, a stay would eliminate an unnecessary burden on the Court and, at a minimum, significantly streamline any issues that might remain against the Defendants after the Colorado Suit is resolved.

## I.    Legal Standard

A trial court has broad discretion to stay an action against a party to promote judicial economy. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). When a suit is brought against a manufacturer and its customers, the suit against the manufacturer "generally takes precedence." *In re Nintendo*, 756 F.3d at 1365-66. This is the "customer-suit" exception to the "first-to-file" rule, and it exists to avoid "imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Id.* at 1365. "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

The customer-suit exception applies when the following three factors are met: (1) when the customers are merely resellers; (2) when the customers agree to be bound by any decision in the manufacturer's case; and (3) when the Manufacturer is the sole source of infringing products. *See Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006); *Unicorn Glob., Inc. v. Golabs, Inc.*, No. 3:19-CV-754-N-BT, 2020 WL 9076548, at *2 (N.D. Tex. Oct. 7, 2020). Because the "guiding principles in the customer suit exception cases are efficiency and judicial economy," *Tegic*, 458 F.3d at 1343, courts should use a "flexible approach" to avoid wasteful expenditure of resources, and therefore should "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Topia Tech., Inc. v. Dropbox, Inc.*, No. 6:21-CV-01373-ADA, 2022 WL 18109619, at *2 (W.D. Tex. Dec. 29, 2022). Importantly, the claims involving the manufacturers "need only have the potential to resolve [] 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464).

## II.    A STAY IS APPROPRIATE BECAUSE ALL THREE CUSTOMER-SUIT EXCEPTION FACTORS WEIGH IN FAVOR OF A STAY.

### A.  Plaintiff's Claims Against the Defendants Are Peripheral to Its Claims Against the Colorado Defendants.

Plaintiff's infringement allegations make clear that Defendants are mere downstream purchasers of the accused recreational slide, making this factor weigh heavily in favor of a stay. *See Tissue Anchor Innovations, LLC v. Fountain Valley Reg'l Hosp.*, No. SACV 19-00791 JVS, 2019 WL 8219779, at *3 (C.D. Cal. Nov. 25, 2019) ("[T]he customer-suit exception applies because like in *Nintendo* where plaintiff had no claim against the customer unless they prevailed on their infringement claims as to the manufacturer, [plaintiff in this case] has no claim against

4

the [customer] Defendants 'unless the infringement claims against [the manufacturer] are resolved in favor of [plaintiff].'").

Plaintiff does not allege that the Defendants had any role in the design or manufacture of the accused recreational slide. Rather, Plaintiff's complaint alleges only that the Defendants "use and operate" the accused product purchased from Colorado defendant Mr. Reeves. *See* Amended Complaint (Dkt. 10), ¶ 13. Other courts in this Circuit have found the first factor to weigh in favor of a stay when the customer is accused of mere "use" or "promotion" of an accused product. *See Topia Tech.*, 2022 WL 18109619, at *4 (the court found that first factor weighed in favor of applying the customer suit exception because the plaintiff only accused the defendants of "using or promoting" the manufacturer's accused products.); *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00808, 2022 WL 1037114, at *3 (W.D. Tex. Apr. 6, 2022) (the court found that the first factor weighed in favor of the exception because the complaint was "predicated on [the defendants'] use of the supplier's product."); *Lighthouse Consulting Group, LLC v. Truist Bank*, No. 2:19-CV-03340-JRG, 2020 WL 6781977, at *2 (E.D. Tex. Apr. 7, 2020) (finding the first factor to weigh in favor of a stay because the defendants did not develop or create the technology at issue, but merely licensed the technology from the manufacturer).

Further, Plaintiff does not allege that either of the Defendants in this case manufacture or develop the accused recreational slides themselves, nor is there any evidence or argument suggesting that Defendants engaged in any development or manufacture of the accused slides. *See GreatGigz*, 2022 WL 1037114, at * 3 (the plaintiff did "not provide any evidence, and indeed never argue[d], that any of the [d]efendants manufacture or develop" the product at issue" so the first factor weighed in favor of a stay); *Decapolis Sys., LLC v. Univ. Health Sys. Servs. Of Tex., Inc.*, No. 6:21-cv-01252-ADA, 2022 WL 2373705, at *3 (W.D. Tex. June 30, 2022)

(same). The allegations in the Colorado Suit are directed to the party actually responsible for the manufacture and provision of the slides to the Defendants in this case. Therefore, since the Plaintiff's claim against the Defendants relies solely on Defendants' use of the accused product, this factor weighs in favor of a stay.

Finally, to the extent that Plaintiff contends that the Defendants possess relevant, non-cumulative discovery, the Defendants agree to cooperate in providing limited discovery. Under the proposed process, the Colorado Defendants would intermediate any discovery Plaintiff seeks to serve on the Defendants to avoid burdening the Defendants with further requests that the Colorado Defendants can provide instead, consistent with the judicially recognized need for manufacturers to "protect [their] customers" "as a matter of . . . good business." *Katz*, 909 F.2d at 1464.

This factor thus weighs heavily in favor of staying the case against the Defendants in this Court given it is secondary to the Colorado action.

### B. The Defendants Agree to Be Bound by the Colorado Court's Findings as to Infringement by the Accused Product.

To the extent there are any remaining issues to be decided following the conclusion of Plaintiff's case against the Colorado Defendants, the Defendants herein agree to be bound by any infringement determination through final judgment (and all appeals) as to the accused recreational slide at issue. An "agreement to be bound by an infringement determination in a separate suit, that will leave little left for the court to adjudicate in the current suit, weighs heavily in favor of staying the current suit." *Wapp Tech. Ltd. P'ship v. Hewlett-Packard Enter. Co.*, No. 4:18-CV-00468, 2019 WL 3818761, at *4 (E.D. Tex. Aug. 14, 2019). *See also Unicorn Global*, 2020 WL 9076548, at *2 (finding that the second factor weighs in favor of staying the case because the defendant agreed to be bound by the decisions regarding the issues of

infringement, invalidity, and enforceability in the related case.); *Topia Tech.*, 2022 WL 18109619, at *4 (same). Thus, this factor also weighs heavily in favor of a stay.

###   C.  Plaintiff's Infringement Allegations Are Limited to Accused Products Supplied by the Colorado Defendants.

Plaintiff has expressly defined the accused product in this case to be a recreational slide over which the Colorado Defendants had responsibility for the manufacture and sale. *See* Amended Complaint (Dkt. 10), ¶ 11, Ex. B. The allegations against the Defendants in this case are solely predicated upon the Defendants "operation and use" of the accused recreational slide in the Colorado Suit. *Id.* at ¶ 13. Therefore, Plaintiff's Amended Complaint indicates that the Colorado Defendants are the sole source of the allegedly infringing product, and resolution of Plaintiff's claims against the Colorado Defendants will resolve all of Plaintiff's claims against the Defendants. Therefore, this factor too weighs in favor of staying this case. *See Unicorn Global*, 2020 WL 9076548, at *2 (finding the third factor to weigh in favor of a stay when "Plaintiff's . . . infringement claims against [the manufacturer] will necessarily reach its claims against [the customer].""); *GreatGigz*, 2022 WL 1037114, at *3 (this factors favors a stay when "[d]efendants are mere end-users" and the plaintiff "has not otherwise denied that [the manufacturer] is the source of the infringing products").

Because each of the customer-suit exception factors weigh in favor of a stay, the Defendants respectfully request that the Court stay this case.

### III.  The Traditional Factors Further Support a Stay of Plaintiff's Case Against the Defendants.

Because the customer-suit exception factors are satisfied, the Court need not address the traditional factors in deciding whether to stay this action. But to the extent the Court evaluates these factors for the sake of completeness, each of these factors also weighs in favor of a stay.

The traditional factors courts typically consider when determining whether to grant a stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is complete and whether a trail date has been set." *Unicorn Global*, 2020 WL 9076548, at *1; *Topia Tech*, 2022 WL 18109619, at *3 (citing the same factors but splitting up factor three into two separate factors); *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-102327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014) (same as the *Topia* court).

> **A.    Plaintiff Will Not Be Harmed or Unduly Prejudiced by a Stay.**

Plaintiff will not suffer any prejudice by a stay. The only reasonable interpretation of Plaintiff's allegations is that its claims against the Defendants will be mostly, if not fully, resolved by the outcome of the Colorado Suit. Plaintiff will not be harmed because a stay in this case will not delay Plaintiff from litigating the question of infringement as to accused recreational slide in the Colorado Suit. *See GreatGigz*, 2022 WL 1037114, at *3; *Topia Tech.*, 2022 WL 18109619, at *5.

Moreover, Plaintiff cannot seek a double recovery for the alleged same infringement— that is, Plaintiff cannot collect once from the Colorado Defendants for the manufacture and sale of the accused slide, and again from the downstream customers (i.e., the Defendants) based on use of the accused recreational slide. *See, e.g.*, *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("[A] party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering that very use have already been collected from the maker and seller of that product."); *see also Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 994 (Fed. Cir. 2022) (reinforcing that a reasonable royalty is not to be separately calculated against each successive infringer and that once full recovery is

obtained from one infringer with respect to a particular infringing device, at most nominal additional damages may be awarded against another with respect to the same device).

Alternatively, if the Colorado Defendants prevail on any of their defenses, then Plaintiff cannot recover damages from the Defendants for their use of the recreational slide because all of Plaintiff's infringement claims are tied to the accused recreational slide being litigated in the Colorado Suit. *See Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994) (explaining that collateral estoppel allows a later defendant to "reap the benefit" of an invalidity determination in an earlier suit).

Therefore, Plaintiff will not suffer any undue harm or prejudice if the claims against the Defendants are stayed pending the outcome of the case against the Colorado Defendants.

### B.    A Stay Will Simplify the Issues in This Case and Promote Judicial Economy.

A stay in this case would achieve efficiency and judicial economy because resolution of the Colorado Suit will simplify the issues in this case. When the manufacturer and customer of the manufacturer are being sued for the same product, resolution of the manufacturer's case can be dispositive of Plaintiff's infringement claims against the customer. *See GreatGigz*, 2022 WL 1037114, at *3 (finding that the outcome of the manufacturer's suit would be dispositive in the customer's case or would result in the patent holder exhausting their patents rights since they cannot claim double recovery).

Further, a stay in this case would allow the parties to avoid duplicative discovery and eliminate the specter of two courts resolving redundant discovery disputes. Again, resolution of the Colorado Suit should resolve Plaintiff's claims against the Defendants. Accordingly, there is no reason for Plaintiff's duplicative claims against the Defendants to proceed, and this factor weighs heavily in favor of a stay.

**C.    This Case Is in Its Early Stages.**

Discovery has only just begun in this case and, while a trial date has recently been set, the date is not until March 2025 (more than 15 months from now). Dkt. 20.  Because of the very early stages of litigation, this factor weighs in favor of a stay. *See Unicorn Global*, 2020 WL 9076548, at *2 (finding this factor to weigh in favor of a stay because a trail date had not been set and a "substantial" amount of discovery remained); *Decapolis Sys.*, 2022 WL 2373705, at *4-5 (finding that since the discovery in the suit would "focus largely" on the company that "engaged in the design, development, and sale of the accused product[]" and since no trail date had been set, and no scheduling order had been filed, this factor favored a stay).

Therefore, all traditional factors also weigh in favor of a stay.

## <u>CONCLUSION</u>

For the foregoing reasons, both the customer-suit exception factors and the traditional factors weigh in favor of a stay. Therefore, Defendants respectfully request that the Court stay this case pending resolution of the Colorado Suit.

Dated: December 18, 2023

                                  Respectfully submitted,


                                  By: *<u>/s/ Kristopher L. Reed</u>*
                                  Kristopher L. Reed
                                  Kilpatrick Townsend & Stockton LLP
                                  2001 Ross Avenue, Suite 4400
                                  Dallas, TX 75201
                                  Telephone: (214) 922-7100
                                  Facsimile:  (214) 922-7101
                                  Email: kreed@kilpatricktownsend.com

                                  *Attorney for Defendants*

## CERTIFICATE OF SERVICE

The foregoing was filed electronically, this 18th day of December, 2023.  Notice of this filing will be sent to all attorneys of record in this case, by operation of the Court's Electronic Filing System.

/s/ *Stephannie Stover*

11