IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SLICK SLIDE LLC | ) | Case Number: 4:23-cv-00643-O |
| | ) | |
| Plaintiff, | ) | Judge: O'Connor |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| NKDZ DFW, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

**TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION ............................................................................................ 1

II.   BACKGROUND FACTS........................................................................................ 2

III.  ARGUMENT .................................................................................................... 3

      A.    The Customer-Suit Exception Does Not Apply................................................. 3

      B.    None Of The Three Factors That Must Be Met For The Customer-Suit
            Exception To Apply Are Present ..................................................................... 6

      C.    The Traditional Factors Do Not Support A Stay ............................................. 7

            1.    None of the cases cited by Defendants support their argument........... 7

            2.    Slick Slide will be harmed and unduly prejudiced by a stay .............. 9

            3.    A stay will not simplify the issues .................................................... 10

            4.    A trial date has been set, discovery is ongoing, and Slick Slide
                 has complied with its Local Patent Rule requirements...................... 11

IV.   REQUEST FOR LEAVE TO CONDUCT DISCOVERY SO THAT
       SLICK SLIDE CAN MORE FULLY RESPOND .................................................. 12

V.    CONCLUSION............................................................................................. 13

**TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Acufloor, LLC v. Eventile, Inc.*,
 Case No. 2:21-cv-802, 2022 U.S. Dist. LEXIS 52388, at *12
 (M.D. Fla. Mar. 23, 2022).......................................................................... 6

*BBC Intern. Ltd. v. Lumino Designs, Inc.*,
 441 F. Supp. 2d 438 (E.D.N.Y. 2006) ....................................................... 5

*Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*,
 Case No. 2:17-cv-00418, 2019 U.S. Dist. LEXIS 86350, at *12
 (E.D. Tex. May 22, 2019) .......................................................................... 13

*Codex Corp. v. Milgo Electronic Corp.*,
 553 F.2d 735 (1st Cir. 1977)...................................................................... 4

*GreatGigz Sols., LLC v. Costco Wholesale Corp.*,
 Case No. 6-21-CV-00807, 2022 U.S. Dist. LEXIS 63778, at *8
 (W.D. Tex. Apr. 6, 2022)...................................................................... 7, 12

*In re Google,*
 588 F. App'x 988 (Fed. Cir. 2014) ............................................................ 4

*In re Ninetendo of Am. Inc.*,
 756 F.3d 1363 (Fed. Cir. 2014).................................................................. 3

*In re Trs. of Boston Univ. Patent Cases,*
 Case No. 13-12327, 2014 U.S. Dist. LEXIS 206352, at *14
 (D. Mass. May 16, 2022) ....................................................................... 8, 9

*Katz v. Lear Siegler, Inc.*,
 909 F.2d 1459 (Fed. Cir. 1990).................................................................. 3

*Moore v. CITGO Ref. & Chemicals Co., L.P.*,
 735 F.3d 309 (5th Cir. 2013) ..................................................................... 12

*Network Sys. Techs., LLC v. Samsung Elecs. Co.*,
 Case No. 2:22-cv-00481, 2023 U.S. Dist. LEXIS 203583, at *20
 (E.D. Tex. Nov. 14, 2023) ................................................................. 7, 10, 11

*Robert Bosch, LLC v. Westport Fuel Sys. Can., Inc.*,
    Case No. 1:22-cv-3702023, 2023 U.S. Dist. LEXIS 16494, at *27
    (E.D. Va. Jan. 31, 2023)......................................................................................... 5

*Sillage LLC v. Kenrose Perfumes Inc.*,
    Case No. 8:14-cv-02043, 2015 U.S. Dist. LEXIS 75965, at *13
    (C.D. Cal. June 9, 2015) ........................................................................................ 5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011)........................................................................... 3, 4

*Tegic Communs. Corp. v. Bd. of Regents*,
    458 F.3d 1335 (Fed. Cir. 2006)............................................................................... 3

*Tissue Anchor Innovations, LLC v. Fountain Valley Reg'l Hosp.*,
    Case No. SACV 19-00791, 2019 U.S. Dist. LEXIS 229026, *6
    (C.D. Cal. Nov. 25, 2019)....................................................................................... 4

*Topia Tech., Inc. v. Dropbox, Inc.*,
    Case No. 6:21-CV-01373, 2022 U.S. Dist. LEXIS 234470, at *12
    (W.D. Tex. Dec. 29, 2022)..................................................................... 7, 8, 9, 10, 11

*Unicorn Global v. Golabs, Inc.*,
    Case No. 3:19-CV-754, 2020 U.S. Dist. LEXIS 253107, at *7
    (N.D. Tex. Oct. 7, 2020) ........................................................................... 7, 8 10, 11

*Unilin Beheer B.V. v. Tropical Flooring,*
    Case No. CV 14-02209, 2014 U.S. Dist. LEXIS 85955, at *22
    (C.D. Cal. June 13, 2014) ....................................................................................... 5

*Wapp Tech L.P. v. Hewlett-Packard Enter. Co.*,
    Case No. 4:18-CV-00468, 2019 U.S. Dist. LEXIS 137091, at *11
    (E.D. Tex. Aug. 14, 2019) ...................................................................................... 7

**RULES**

35 U.S.C. § 271(a) ..................................................................................................... 2

Fed. R. Civ. P. 26(b)(2).............................................................................................. 12

I.      INTRODUCTION

The primary basis for Defendants' Motion to Stay is the "customer-suit exception."  That is, when a patent infringement lawsuit is brought against the manufacturer of a product, and a patent infringement lawsuit is also brought against the manufacturer's customers who have bought the allegedly infringing product, the suit against the manufacturer generally takes precedence and the customer case may be stayed.  The case law provides that under these particular facts, *i.e.*, when there is a pending lawsuit against the manufacturer, the manufacturer is the true defendant because a manufacturer must protect its customers either as a matter of contract, good business, or in order to avoid the damaging impact of an adverse ruling against its products.

The problem with Defendants' argument, and dispositive of their Motion, is that there is no pending lawsuit against the manufacturer.  Indeed, Defendants have not even identified the manufacturer of the products accused of infringement, despite discovery requesting that precise information.  Thus, the "customer-suit exception" does not apply, and not a single one of the cases cited by Defendants apply here or support their argument.

In the alternative, Defendants seek a stay based on "traditional factors."  Again, not one of the cases cited by Defendants support their argument.  That is because in all of the cases Defendants rely upon, the manufacturer has also been sued, the customers are merely resellers, and the customers have agreed to be bound by the outcome of the case against the manufacturer, including with respect to patent infringement and patent validity.  None of those facts are present here.

1

II.     BACKGROUND FACTS

This is a design patent infringement case. (Dkt. 10, at ¶¶ 12-15).  Plaintiff Slick Slide LLC ("Slick Slide") asserts that Defendants have used and are using recreational slides ("Accused Products") that infringe Slick Slide's United States Design Patent No. D973,821 ("the '821 patent"). *Id.*  Defendants admit they own a trampoline park in which the Accused Products are located, and admit that they own and use them.  (Dkt. 16, at ¶ 16).  These are acts of infringement in violation of 35 U.S.C. § 271(a).

In a separate lawsuit pending in Colorado, Slick Slide has sued other infringers of the '821 patent. (*Slick Slide LLC v. Reed et al.*, Case No. 1:23-cv-1649 (D. Colo.); "The Colorado Suit"). The Colorado Suit involves claims of patent infringement, inducement of patent infringement, copyright infringement, and inducement of copyright infringement. (See The Colorado Suit, at Dkt. 37).

Importantly, in The Colorado Suit, none of the defendants are the manufacturer of the Accused Products.   In fact, the defendants in The Colorado Suit have expressly denied manufacturing the allegedly infringing slides.  Rather, they infringe due to their offer for sale and sale of the Accused Products, including to the Defendants here. (Compare The Colorado Suit, Dkt. 1 at ¶ 11 with Dkt. 23 at ¶ 11) (Defendant Reeves denies manufacturing the Accused Products). In this respect, the defendants in The Colorado Suit are decidedly not the manufacturer, but are merely a distributor to Defendants here. *Id.*

Defendants are well aware that the defendants in The Colorado Suit are not the manufacturer of the Accused Products.  That is because, in discovery, Defendants have identified the defendants in The Colorado Suit as merely the seller of the Accused Products, despite having

been requested to identify the manufacturer.  (See Exhibit A, at Response to Interrogatory No. 1).

In addition, counsel for Defendants here are also counsel for defendants in The Colorado Suit, so

they are intimately aware that defendants in The Colorado Suit are not the manufacturer of the

Accused Products.

        Thus, there can be no good faith argument that The Colorado Suit, or any lawsuit, involves

the manufacturer of the Accused Products.

III.    **ARGUMENT**

        A.      **The Customer-Suit Exception Does Not Apply**

        Pursuant to the cases cited by Defendants, "[w]hen a suit is brought against a *manufacturer*

and its customers, the suit against the manufacturer 'generally takes precedence.'" (Dkt. 22, at 7;

quoting *In re Ninetendo of Am. Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014)) (emphasis added).

Indeed, every single case relied upon by Defendants is contingent upon pending lawsuits against

both the manufacturer of the products accused of infringement and against a customer. *Spread*

*Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("The

exception provides that, in certain patent cases, 'litigation against or brought by the manufacturer

of infringing goods takes precedence over a suit by the patent owner against customers of the

manufacturer.'"); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("litigation

against or brought by the manufacturer of infringing goods takes precedence over a suit by the

patent owner against customers of the manufacturer."); *Tegic Communs. Corp. v. Bd. of Regents*,

458 F.3d 1335, 1343 (Fed. Cir. 2006) ("a manufacturer's action to resolve patent infringement

charges against its customers…receives preferential treatment over a patent owner's earlier filed

3

suit against the customers"); *In re Google*, 588 F. App'x 988, 989 (Fed. Cir. 2014) (stay because

Google, as the designer of the allegedly infringing operating system software, was being sued);

*Tissue Anchor Innovations, LLC v. Fountain Valley Reg'l Hosp.*, Case No. SACV 19-00791, 2019

U.S. Dist. LEXIS 229026, at *6 (C.D. Cal. Nov. 25, 2019) (Boston Scientific is the "true

defendant" because it made the Accused Systems).

Thus, there is no question that there should be a patent infringement lawsuit against the

manufacturer for the customer-suit exception to apply.  Indeed, it is a fundamental basis for the

customer-suit exception:

> At the root of the preference for a manufacturer's [ ] action is the recognition
> that, in reality, the manufacturer is the true defendant in the customer suit…it is a
> simple fact of life that a manufacturer must protect its customers, either as a matter
> of contract, or good business, or in order to avoid the damaging impact of an
> adverse ruling against its products.

*Katz*, 909 F.3d at 1464; quoting *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737 (1st

Cir. 1977); see also *Spread Spectrum*, 657 F.3d at 1357 ("The customer-suit exception 'is based

on the manufacturer's presumed greater interest in defending its actions against charges of patent

infringement; and to guard against possibility of abuse.'")

The customer-suit exception does not apply here, and Defendants' Motion should be denied

accordingly, because none of the defendants in The Colorado Suit are the manufacturer of the

Accused Products.  The defendants in The Colorado Suit have expressly denied manufacturing the

Accused Products. (Compare The Colorado Suit, Dkt. 1 at ¶ 11 with Dkt. 23 at ¶ 11).  Rather, they

are merely resellers. *Id.*

There can be no confusion over this fact, because Defendants have identified the

defendants in The Colorado Suit as merely sellers of the Accused Products.  (See Exhibit A, at

Response to Interrogatory No. 1).  Defendants identified the defendants in The Colorado Suit as merely sellers, despite having been requested to identify the manufacturer. *Id.*  In doing so, Defendants have rejected the notion that defendants in The Colorado Suit are the manufacturers of the Accused Products.  Under these facts, the customer-suit exception simply does not apply:

> The 'customer suit' exception is inapplicable here because Hengxiang Flooring is not a manufacturer, but a distributor of flooring goods that are manufactured by Changzhou Hengxiang, a Chinese company. (Lin Decl. ¶ 4). Changzhou Hengxiang, the actual manufacturer based in China, is not a party to this lawsuit and has not brought a separate declaratory relief action for patent invalidity or noninfringement.

*Unilin Beheer B.V. v. Tropical Flooring*, Case No. CV 14-02209, 2014 U.S. Dist. LEXIS 85955, at *22 (C.D. Cal. June 13, 2014).

Indeed, courts universally refuse to apply the customer-suit exception when the manufacturer has not been sued. *Robert Bosch, LLC v. Westport Fuel Sys. Can., Inc.*, Case No. 1:22-cv-3702023, 2023 U.S. Dist. LEXIS 16494, at *27 (E.D. Va. Jan. 31, 2023) ("And it would make sense to only apply the customer suit exception only to manufacturers, as the manufacturer is the 'true defendant' in the dispute…As a result, district courts have declined to apply the customer-suit exception to entities like Robert Bosch LLC who are importers, but not manufacturers, of potentially infringing products."); see also *Sillage LLC v. Kenrose Perfumes Inc.*, Case No. 8:14-cv-02043, 2015 U.S. Dist. LEXIS 75965, at *13 (C.D. Cal. June 9, 2015) ("Second, Europerfumes is a distributer rather than a manufacturer of the accused products"); *BBC Intern. Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 443 (E.D.N.Y. 2006) ("[I]t is not plain that the customer suit exception applies in the instant case because BBC is an importer and reseller, and not a manufacturer of the allegedly infringing goods."); *Unilin Beheer B.V. v. Tropical*

5

*Flooring*, Case No. CV-14-02209, 2014 U.S. Dist. LEXIS 85955, at *22 (C.D. Cal. June 13, 2014) (declining to apply the customer suit exception because the "actual manufacturer" was not a party to the lawsuit); *Acufloor, LLC v. Eventile, Inc.*, Case No. 2:21-cv-802, 2022 U.S. Dist. LEXIS 52388, at *12 (M.D. Fla. Mar. 23, 2022) (denying motion to stay and noting that the customer-suit exception does not apply because there is no parallel litigation against the manufacturer).

Because there is no lawsuit against the manufacturer of the Accused Products, the fundamental basis for the customer-suit exception is not present. Therefore, Defendants' Motion should be denied on this basis alone.

**B.    None Of The Three Factors That Must Be Met For The Customer-Suit Exception To Apply Are Present**

Despite the fact that there is no manufacturer lawsuit, Defendants argue that the customer-suit exception applies when the following three factors are met: (1) when the customers are merely resellers; (2) when the customers agree to be bound by any decision in the manufacturer's case; and (3) when the manufacturer is the sole source of infringing products. (Dkt. 22, at 8). None of the three required factors are met here.

First, Defendants are not resellers of the Accused Products. Rather, they are ongoing users of the Accused Products. That is, with knowledge of Slick Slide's patent rights, Defendants have decidedly charted a course to continue with their infringing conduct, thereby continuing to harm Slick Slide. This harm is uniquely caused by Defendants and their ongoing use of the infringing products.

Second, Defendants have not agreed to be bound by "any" decision in the manufacturer's case. Not only is there no "manufacturer's case," Defendants have only agreed to be bound by a

6

decision regarding infringement. (Dkt. 22, at 6).  Even the cases cited by Defendants demonstrate that their limited concession fails, because it does not address all decisions, including validity and enforceability. *Unicorn Global v. Golabs, Inc.*, Case No. 3:19-CV-754, 2020 U.S. Dist. LEXIS 253107, at *7 (N.D. Tex. Oct. 7, 2020) ("Additionally, Walmart has agreed to be bound by the Court's decisions regarding the issues of infringement, invalidity, and enforceability."); *Topia Tech., Inc. v. Dropbox, Inc.*, Case No. 6:21-CV-01373, 2022 U.S. Dist. LEXIS 234470, at *12 (W.D. Tex. Dec. 29, 2022) ("Sailpoint and Clear Channel agree to be bound by the outcome of Topia's claims against Dropbox."); *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, Case No. 6-21-CV-00807, 2022 U.S. Dist. LEXIS 63778, at *8 (W.D. Tex. Apr. 6, 2022) (defendants agreed to be bound by the outcomes of the suit against the manufacturer); *Wapp Tech L.P. v. Hewlett-Packard Enter. Co.*, Case No. 4:18-CV-00468, 2019 U.S. Dist. LEXIS 137091, at *11 (E.D. Tex. Aug. 14, 2019) (defendant agreed to be bound by infringement and invalidity findings); see also *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, Case No. 2:22-cv-00481, 2023 U.S. Dist. LEXIS 203583, at *20 (E.D. Tex. Nov. 14, 2023) ("OnePlus represents that it agrees to be bound by the outcome in NST III [manufacturer lawsuit] as to infringement and invalidity").

Third, not only has the manufacturer not been sued, it has not even been identified by Defendants.  There also is no evidence suggesting that the manufacturer is the sole source of infringing products.

### C.      The Traditional Factors Do Not Support A Stay

#### 1.      None of the cases cited by Defendants support their argument

Defendants alternatively argue that "traditional factors" support a stay.  Those traditional factors are: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the

nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Unicorn Global*, 2020 U.S. Dist. LEXIS 253107, at \*5.  Defendants proceed to refer the Court to the following cases in support: *Unicorn Global*, *Topia Tech*, and *In re Trs. of Boston Univ. Patent Cases*.  None of these cases support Defendants' argument.  In fact, they demonstrate why not a single one of the traditional factors supports a stay here.

In *Unicorn Global*, the court cited the traditional factors, but then proceeded to analyze the request for a stay under the "customer-suit exception."  The court noted that "Plaintiffs brought suit simultaneously against Golabs and Walmart," and that Golabs was the subsidiary of the manufacturer. *Unicorn Global*, 2020 U.S. Dist. LEXIS 253107, at \*6-7.  The court then determined that the customer-suit exception applied because Walmart was merely a reseller, Walmart agreed to be bound by the Court's decisions, including regarding infringement, invalidity, and enforceability, and there was no evidence that any other party was a source of the infringing products. *Id.* at \*6-8.  Supporting its decision, the court then considered that there was no unfair tactical disadvantage to a stay "[b]ecause any ruling on Plaintiff's willful infringement claims against [the manufacturer] will necessarily reach its claims against Walmart" and "Walmart has already agreed to be bound by the Court's findings on the willful infringement claims." *Id.* at \*8. Additionally, the court noted that a trial date had not yet been set.  *Id.* at \*9.  The facts that the court relied upon are simply not present here.

In *Topia Tech*, as did the court in *Unicorn Global*, the court first determined that all of the customer-suit exception factors supported a stay.  Indeed, the court relied heavily thereon, and only addressed the traditional factors "for the sake of completeness." *Topia Tech.*, 2022 U.S. Dist.

8

LEXIS 234470, at *12-13 ("The Court gives great weight to the three factors considered under the customer-suit exception. But, for the sake of completeness, the Court considers the traditional stay factors…").  Unlike here, the court in *Topia Tech* determined that a bulk of the discovery would come from the manufacturer, and the customers agreed to be bound by the outcome of the case against the manufacturer. *Id.* at *13-14.  Based on these facts, which are not present here, the court determined there would be no prejudice resulting from a stay.  Next, the court determined that the issues would be greatly simplified by first resolving the claims against the manufacturer, Dropbox, because the "Customer Defendants will be bound by the infringement and invalidity outcomes of Topia's claims against Dropbox." *Id.* at *14.  Again, none of the facts relied upon by the *Topia Tech* court are present here.

Defendants also rely upon *In re Trs. of Boston Univ. Patent Cases*.  As a preliminary matter, the court noted at least some of the manufactures of the accused products had been sued.  Thus, there was a "manufacturer's case" that took precedence over a case against customers. *In re Trs. of Boston Univ. Patent Cases*, Case No. 13-12327, 2014 U.S. Dist. LEXIS 206352, at *14 (D. Mass. May 16, 2022) ("Proceeding against the manufacturers first appears to be the fairest and most efficient way to proceed in these cases as well.").  As a direct result, the traditional factor of simplifying the issues was present. *Id.* at *13: "As discussed above, [plaintiff's] suits against LED manufacturers have the potential for greatly simplifying these cases."  In addition, the court relied upon the fact that "[d]iscovery has not yet started" and that "no trial date has been set." *Id.* at *17. None of these facts are present here.

### 2.    Slick Slide will be harmed and unduly prejudiced by a stay

The first "traditional factor" is whether a stay will unduly prejudice or present a clear

9

tactical disadvantage to the nonmoving party.  As explained above, even the cases relied upon by

Defendants demonstrate that when the outcome of a lawsuit against the manufacturer does not

bind customers, then prejudice results. *Unicorn Global*, 2020 U.S. Dist. LEXIS 253107, at *6-7.

Applied here, and unlike every case relied upon by Defendants, Defendants have only agreed to

be bound by an infringement determination. (Dkt. 22, at 6).  That limited agreement does not

address several other issues, leaving the issues of invalidity, enforceability, and willfulness for

additional, and duplicative, litigation.  This is prejudicial. *Id.* at *6-8.

In addition, there is no manufacturer suit from which "a bulk of the discovery would come

from." *Topia Tech.*, 2022 U.S. Dist. LEXIS 234470, at *12-13.  This also results in undue

prejudice. *Id.*; see also *Network Sys.*, 2023 U.S. Dist. LEXIS 203583, at *23 (noting that whether

there is prejudice depends upon discovery in a lawsuit against the manufacturer).

Finally, as explained above and unlike the cases relied upon by Defendants, Defendants

are not merely resellers.  Rather, they are ongoing users of the Accused Products. That is, with

knowledge of Slick Slide's patent rights, Defendants continue with their infringing conduct,

resulting in ongoing harm Slick Slide.

For these reasons, Slick Slide will be harmed and unduly prejudiced by a stay.

> **3.      A stay will not simplify the issues**

Curiously, Defendants argue that "[w]hen the manufacturer and customer of the

manufacturer are being sued for the same product, resolution of the manufacturer's case can be

dispositive of Plaintiff's infringement claims against the customer." (Dkt. 22, at 9).  Here, not only

is the manufacturer not being sued, but because Defendants only agree to be bound by an

infringement determination, the cases Defendants rely upon provide that a stay will not simplify

the issues. *Unicorn Global*, 2020 U.S. Dist. LEXIS 253107, at \*6-7 (Walmart, who was merely a

reseller, agreed to be bound by the Court's decisions, including regarding infringement, invalidity,

and enforceability); *Topia Tech.*, 2022 U.S. Dist. LEXIS 234470, at \*12-14 (customers agreed to

be bound by the *outcome* of the case against the manufacturer, including infringement and

validity); see also *Network Sys.*, 2023 U.S. Dist. LEXIS 203583, at \*36 (noting that Samsung's

limited agreement to be bound is insufficient because issues will be left unresolved).

      Therefore, a stay will not simplify the issues.

### 4. A trial date has been set, discovery is ongoing, and Slick Slide has complied with its Local Patent Rule requirements

      The final traditional factor inquires "whether a trial date has been set." Defendants concede

the Court has set a trial date. (Dkt. 20). And, while Defendants attempt to portray this case as

being in its early stages, that is simply incorrect. Slick Slide is actively seeking discovery in this

matter, having served its first set of discovery requests more than two months ago. And,

Defendants' responses have thus far been deficient, prompting numerous correspondence between

counsel about when those deficiencies will be cured. And, to the extent discovery is in its early

stages, that is in part due to Defendants' own discovery delays.

      It is also important to note that Slick Slide has complied with the deadlines set forth in the

Local Patent Rules. To that end, Slick Slide has served its Asserted Claims and Preliminary

Infringement Contentions. Slick Slide has also served its Document Production Accompanying

Asserted Claims and Preliminary Infringement Contentions. Thus, this case is progressing as set

forth by the Court's Local Patent Rules. And, Defendants sharply waited to file their Motion until

after receiving Slick Slide's Local Patent Rule disclosures.

Once again, the cases cited by Defendants do not support their argument. *Unicorn Global*, 2020 U.S. Dist. LEXIS 253107, at *9 (noting that a trial date had not yet been set); *GreatGigz*, 2022 U.S. Dist. LEXIS 63778, at *10 (no trial date set).

In view of the fact that none of the factors relating to the customer-suit exception apply here, and nearly all of the traditional factors weigh against a stay, Slick Slide respectfully request that Defendants' Motion be denied.

## IV.    REQUEST FOR LEAVE TO CONDUCT DISCOVERY SO THAT SLICK SLIDE CAN MORE FULLY RESPOND

Defendants argue that "[Slick Slide] does not allege that the Defendants had any role in the design or manufacture of the accused recreational slide… nor is there any evidence or argument suggesting that Defendants engaged in any development or manufacture of the accused slides" (Dkt. 22, at 5).  Notably, whether Defendants were involved in the design, development, or manufacture of the Accused Products is solely within their possession.  And, Defendants did not offer any evidence that they were not involved.  In addition, despite Slick Slide's discovery requests, Defendants have not yet produced a single document, such that Defendants' involvement remains in question.

Should the Court be inclined to accept any aspect of Defendants' argument, Slick Slide requests leave to conduct very limited, expedited discovery relating to Defendants' involvement in the design, development, and manufacture of the Accused Products.  If Defendants have been involved, then this case may take precedence under the customer-suit exception.  Slick Slide also requests leave to conduct limited discovery, including third party discovery, so that it can identify the manufacturer of the Accused Products.

12

Rule 26(b)(2) provides that the Court may alter the frequency and extent of discovery as guided by the subsections in the Rule. Fed. R. Civ. P. 26(b)(2). The Court has "broad discretion" in "all discovery matters." *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, Case No. 2:17-cv-00418, 2019 U.S. Dist. LEXIS 86350, at \*12 (E.D. Tex. May 22, 2019); *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). This is particularly true when the discovery sought is largely or wholly in the possession of the adverse party. *Blitzsafe*, 2019 U.S. Dist. LEXIS 86350, at \*13. By way of example, when discovery "could add any significant facts that might bear on" a pending motion, discovery should be granted. *Id.* (allowing expedited discovery so that plaintiff may more fully respond to a motion based on jurisdictional grounds).

There is good cause for limited discovery relating to Defendants' involvement in the design, development, and manufacture of the Accused Products. That discovery relates directly to Defendants' Motion, and may reveal evidence that Defendants argue is absent.

## V.    CONCLUSION

Based on the foregoing, Slick Slide respectfully requests that the Court deny Defendants' Motion to Stay. In the alternative, Slick Slide respectfully requests that Slick Slide be granted leave to conduct very limited discovery relating to Defendants' involvement in the design, development, and/or manufacture of the Accused Products, as well as the identity of the manufacturer of the Accused Products.

Respectfully submitted,

Dated:   January 8, 2024               /s/ Brett A. Schatz
                                       Brett A. Schatz (*Pro Hac Vice*)
                                       WOOD, HERRON & EVANS, L.L.P.

13

600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Email: bschatz@whe-law.com
Telephone:  (513) 241-2324
Facsimile:   (513) 241-2634

Kristi Motley
NACE & MOTLEY, L.L.P.
100 Crescent Court, 7th Floor
Dallas, Texas 75270
Telephone:  (214) 459-8289
Facsimile:   (214) 242-4333

Attorneys for Plaintiff
Slick Slide LLC

14

## CERTIFICATE OF SERVICE

I hereby certify that, on January 8, 2024, I caused the foregoing to be electronically by

email to counsel of record.

Respectfully submitted,

/s/ Brett A. Schatz
Brett A. Schatz (*Pro Hac Vice*)
WOOD, HERRON & EVANS, L.L.P.
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Email: bschatz@whe-law.com
Telephone:  (513) 241-2324
Facsimile:   (513) 241-2634

15