IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SLICK SLIDE LLC | ) | Case Number: 4:23-cv-00643-O |
| | ) | |
| Plaintiff, | ) | Judge: O'Connor |
| | ) | |
| v. | ) | |
| | ) | |
| NKDZ DFW, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SPACEBOUND OPERATIONS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STAY**

i

The Court should grant Defendants' Motion to Stay (Dkt. 22) as there is, in fact, a pending suit against the manufacturer of the Accused Products in Colorado, and all factors support a stay.

**I.    Plaintiff Sued the Manufacturer of the Accused Product in Colorado and Recently Expanded the Colorado Suit To Include Numerous Allegations of "Manufacturing" Using Plaintiff's Allegedly Copyrighted Designs.**

The crux of Plaintiff's opposition is that the Colorado Defendants are not a "manufacturer" of the accused slides. (*E.g.*, Dkt. 23 at 2 ("[T]he defendants in The Colorado Suit are decidedly not the manufacturer.").)[1] Yet Plaintiff has taken the exact opposite position in the Colorado litigation. On December 15, 2023, Plaintiff filed a First Amended Complaint in the Colorado Suit. (*See* Ex. A.) In that First Amended Complaint, Plaintiff specifically and repeatedly accuses the Colorado Defendants of "manufacturing" the accused products. (*See* Ex. A (First Amended Complaint) ¶¶ 19, 20, 25, 26, 27, 28, 29, 30, 34, 39, 40, 48, 55, 56.)

Plaintiff's positions cannot be reconciled. If Plaintiff believes there is no pending suit directed to the "manufacturer" of the accused products in Colorado as it has represented to this Court, then Plaintiff must immediately withdraw all allegations included in the First Amended Complaint in Colorado accusing the defendants there of "manufacturing" the accused products, as there would be no factual or legal basis to maintain those claims. For example, Plaintiff must withdraw the allegation that the Colorado Defendants "manufactured" the accused products and "offered for sale, and sold" those products to "NKDZ DFW, LLC and Spacebound Operations, LLC" (*i.e.*, the Defendants here). (Ex. A at ¶ 25.)

---

1 *See also id.* at 1 ("The problem with Defendants' argument, and dispositive of their Motion, is that there is no pending lawsuit against the manufacturer."); 3 ("[T]here can be no good faith argument that The Colorado Suit, or any lawsuit, involves the manufacturer of the Accused Products.").

The correct answer is that the Colorado Defendants are the "manufacturer" of the accused slides in this case for purposes of evaluating whether the "customer-suit exception" mandates a stay here. As alleged by Plaintiff itself in Colorado, the Colorado Defendants "***manufacture***, offer for sale, and sell, recreational slides to third parties," including the Defendants in this case. (Ex. A at ¶ 28 (emphasis added).) While the Colorado Defendants disagree that any copyright or other violation has occurred as alleged by Plaintiff, there is no dispute that the Colorado Defendants are the "manufacturer" of the accused slides. The Court should reject Plaintiff's duplicity on this point. *See, e.g.,* 18 C. Wright, A. Miller, & E. Cooper, Fed. Prac. And Proc. § 4477, p. 772 ("[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory."). And because the Colorado Defendants are the "manufacturer" of the accused slides, Plaintiff's primary opposition argument falls away and the "customer-suit exception" should apply.

Finally, regardless of how the Colorado Defendants are labeled, the "customer-suit exception" exists to address the exact situation presently before the Court. The governing principles behind the "customer-suit exception" are the avoidance of (i) duplicative litigation of the same factual issues; and (ii) double recovery for the same alleged infringement. *See, e.g.*, *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("[A] party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering that very use have already been collected from the maker and seller of that product."); *see also Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 994 (Fed. Cir. 2022) (reinforcing that a reasonable royalty is not to be separately calculated against each successive infringer and that once full recovery is obtained from one infringer with respect to a particular

2

infringing device, at most nominal additional damages may be awarded against another with respect to the same device). The Court should not allow Plaintiff to waste court resources and obtain a double recovery based on how Plaintiff subjectively and inaccurately characterizes the Colorado Defendants here in Texas (which, again, is incompatible with Plaintiff's characterization in the Colorado case).

## II.     Plaintiff's Remaining Arguments Should Be Ignored

Plaintiff's remaining arguments in opposition to Defendants' request for a stay under the "customer-suit exception" also fail.

*First*, Plaintiff errs in arguing that "Defendants only agreed to be bound by an infringement determination." (Response at 10.) In the Motion, Defendants stated "[they] herein agree to be bound by any infringement determination through final judgment (and all appeals) as to the accused recreational slide at issue." There is only one claim in this action—patent infringement—and Defendants agree to bound by the outcome of the Colorado Suit on that one claim. If Plaintiff is concerned Defendants have not explicitly agreed to be bound by other issues ancillary to that infringement claim such as invalidity or enforceability, than Defendants confirm they also will be bound by any final determination in the Colorado Suit regarding the validity or enforceability of the asserted patent. Any remaining questions of "willfulness" or damages can be raised by Plaintiff after the stay is lifted.

*Second*, there is no prejudice to Plaintiff from a stay. All the major issues in this case—infringement of the Accused Products, and invalidity and enforceability of the sole patent claim—will be determined in the Colorado Suit. Nothing more is required for the "customer-suit exception" to apply; the claims involving manufacturers "need only have the potential to resolve [] 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011). Further, Plaintiff

has not moved for a preliminary injunction here. As such, any alleged harm to Plaintiff from Defendants ongoing use of the Accused Product could be addressed by monetary damages after the suit is lifted.

*Third*, Plaintiff argues for an overly proscriptive view of the cited cases. Plaintiff suggests that it is somehow relevant that Defendants, as end-users of the Accused Product, are not "mere resellers" since they are using and not reselling the slides. (Response at 6.) But there is no basis for distinguishing between "resellers" and "end users" in this context. Both types of entities are "customers" of an upstream provider, and principles of judicial efficiency and preventing double recoveries apply equally to both. Given this, it is not surprising that Plaintiff cites no authority endorsing such a narrow and arbitrary application of the "customer-suit exception."

*Fourth*, the fact that Plaintiff is aggressively pursuing discovery in both forums is exactly why the Court should immediately grant a stay of this case. Both the "customer-suit exception" and common sense teach that discovery in this case should be suspended in favor of the Colorado Suit where Plaintiff has sued the accused manufacturer of the slides in question and can obtain the bulk of relevant discovery. *See Topia Tech., Inc. v. Dropbox, Inc.*, No. 6:21-CV-01373-ADA, 2022 WL 18109619, at *6-7 (W.D. Tex. Dec. 29, 2022). Moreover, the procedural schedules in Colorado and here are effectively the same, with final expert discovery ending on October 25, 2024, and dispositive motions scheduled for the same date: November 12, 2024. *Compare* Ex. B (Scheduling Order in Colorado Suit) *with* Dkt. 20. Thus Plaintiff cannot argue that it will suffer any prejudice due to a delay in adjudication of Plaintiff's claims in Colorado.

Finally, Plaintiff asks the Court to deny the stay so that more discovery can be obtained into "Defendants' involvement in the design, development, and manufacture of the Accused

4

Products." (Response at 12.) Plaintiff does not allege, however, that Defendants had any role in such activities with respect to the accused slide—in the Amended Complaint in this case, the Plaintiff alleges only that the Defendants infringe the Design Patent because they "operat[e] and use" the Accused Product. (*See* Amended Complaint (Dkt. 10), ¶ 13.) The discovery that Plaintiff seeks as to the manufacture of the Accused Products is obtainable in the Colorado Suit, and any relevant discovery that might be lacking from the Colorado Defendants can be obtained via targeted third-party discovery as opposed to maintaining a redundant lawsuit here in Texas.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion and Supporting Brief, both the customer-suit exception factors and the traditional factors weigh in favor of a stay. Therefore, Defendants respectfully request that the Court stay this case pending resolution of the Colorado Suit.

Dated: January 23, 2024

Respectfully submitted,

By: */s/ Kristopher L. Reed*
Kristopher L. Reed
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7100
Facsimile: (214) 922-7101
Email: kreed@kilpatricktownsend.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The foregoing was filed electronically, this 23nd day of January, 2024.  Notice of this filing will be sent to all attorneys of record in this case, by operation of the Court's Electronic Filing System.

/s/ <em>Kevin M. Bell</em>