UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SLICK SLIDE LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Case No. 4:23-cv-00643-O |
| § | |
| **NKDZ DFW, LLC and SPACEBOUND** § | |
| **OPERATIONS, LLC,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motion to Stay (ECF No. 22), filed December 18, 2023; Plaintiff's Response in Opposition to Defendants' Motion to Stay (ECF No. 23), filed January 8, 2024; and Defendants' Reply in Support of their Motion to Stay (ECF No. 24), filed January 23, 2024. Also before the Court are Plaintiff's Motion to Compel (ECF No. 25), filed January 29, 2024; Defendants' Response in Opposition to Plaintiff's Motion to Compel (ECF No. 27), filed February 5, 2024; and Plaintiff's Sealed Reply in Support of its Motion to Compel (ECF No. 33), filed February 15, 2024. Having reviewed the parties' briefing, evidence, and applicable law, the Court determines that Defendants' Motion to Stay (ECF No. 22) should be **GRANTED** and Plaintiff's Motion to Compel (ECF No. 25) should be **DENIED**.

### I. BACKGROUND

Slick Slide, LLC ("Plaintiff") filed this patent infringement suit against NKDZ DFW, LLC and SpaceBound Operations, LLC ("Defendants") on June 23, 2023. Plaintiff claims that Defendants have infringed and continue to infringe on its U.S. Design Patent No. D973,821 ("Design Patent"), which is directed to an ornamental design for a recreational slide. More specifically, Plaintiff alleges that Defendants' "operation and use" of the recreational slides

depicted in their trampoline park on social media infringes upon Plaintiff's Design Patent. Amend. Compl. ¶ 13, ECF No. 10.

Several days after filing the instant action, Plaintiff filed a separate action in the U.S. District Court for the District of Colorado against two individuals located in that State (the "Colorado Defendants"). *See generally* Complaint, *Slick Slide LLC v. Reed, et al.*, No. 1:23-cv-1649 (D. Colo. June 28, 2023). There, Plaintiff alleges that the Colorado Defendants "manufacture, offer for sale, and sell, recreational slides to third parties" which infringe upon the exact Design Patent asserted in this Northern District of Texas suit. First Amended Complaint at ¶ 28, *Slick Slide LLC v. Reed, et al.*, No. 1:23-cv-1649 (D. Colo. December 15, 2023) (the "Colorado Suit"). Moreover, Plaintiff's pleadings in the Colorado Suit indicate that the Colorado Defendants are responsible for the manufacture and sale to Defendants of the accused slides now subject to the patent infringement claim in this Northern District of Texas suit. *Compare id.* ¶¶ 25, 29-30 & Ex. H, *and* Complaint ¶¶ 15-18 & Ex. B, No. 1:23-cv-1649, *with* First Amended Complaint Ex. B, ECF No. 10-2.

Defendants now move the Court to stay Plaintiff's claims asserted against them in this Northern District of Texas suit, raising the customer-suit exception. *See generally* Defs.' Mot. to Stay, ECF No. 22. Plaintiff now moves the Court to compel Defendants to respond to sets of document requests and interrogatories which Plaintiff has served on Defendants without receiving any response. *See generally* Pl.'s Mot. to Compel, ECF No. 25. Both motions are ripe for review.

## II. LEGAL STANDARDS

### A. Motion to Stay Customer Suit

Federal district courts have broad discretion to stay an action against a party to promote judicial economy. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000);

*see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). When considering a motion to stay, courts traditionally evaluate: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006).

If an infringement suit is brought against the customers of a manufacturer, the customer-suit exception dictates that separate litigation brought against or by the manufacturer itself "generally takes precedence" over the customer suit. *In re Nintendo of Am. Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014); *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."). This exception to the first-to-file rule aims "to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the true defendant in the dispute." *In re Nintendo*, 756 F.3d at 1365 (cleaned up). As a general rule of thumb, courts apply the customer-suit exception "to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

The guiding principles underlying the customer-suit exception are "efficiency and judicial economy." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). In accordance with these teleological ends, courts assess three factors rendering the doctrine applicable to a customer suit: (1) the manufacturer's customer-defendants are mere

3

resellers of the manufactured products; (2) the customer-defendants agree to be bound by any decision in the manufacturer's case; and (3) the manufacturer is the sole source of the infringing products. *See id.*; *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018). Rather than mechanically applying the three-factor test in an exacting fashion, courts adopt "a flexible approach in order to assess whether judicial resources will be saved." *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909-JRG, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015) (cleaned up). At the heart of this flexible inquiry is "whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Katz*, 909 F.2d at 1463. Courts should therefore stay proceedings in a customer suit if the manufacturer's case is "so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014). However, it is noteworthy that the "manufacturer's case need only have the *potential* to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464) (emphasis added).

### B.  Motion to Compel Discovery

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Pursuant to Federal Rule of Civil Procedure 34(a), a party may serve on any other party a request to produce any designated documents or electronically stored

information. If a party fails to fully answer a request for production of documents, the party seeking the discovery may move for an order compelling production to that discovery request pursuant to Rule 37(a)(3)(B).

On a motion to compel, "[t]he burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence." *S.E.C. v. AmeriFirst Funding, Inc*., No. 3:07-CV-1188-D, 2008 WL 926587, at *2-4 (N.D. Tex. Apr. 7, 2008). A party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "An objection must state whether any responsive materials are being withheld on the basis of that objection." *Harrison v. Wells Fargo Bank, N.A*., No. 3:13-CV-4682-D, 2016 WL 1392332, at *3 (N.D. Tex. Apr. 8, 2016). Furthermore, a mere statement by a party that a request is overly broad and unduly burdensome is inadequate. *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).

### III. ANALYSIS

The Court finds that (A) Defendants' motion to stay this case pursuant to the customer-suit exception should be **GRANTED**, while (B) Plaintiff's motion to compel discovery responses is **MOOTED** by the grant of a stay in this case.

#### A.  A Stay of Proceedings is Warranted under the Customer-Suit Exception

An evaluation of the customer-suit exception factors leads to the conclusion that this patent infringement action should be stayed until the Colorado Suit has been resolved.

##### 1. Defendants are Mere Downstream Purchasers and End-Users of the Accused Slides

The customer-suit exception applies where a plaintiff has no claim against the customer of an accused product without prevailing on their infringement claims against the manufacturer of

the accused product. *See Tissue Anchor Innovations, LLC v. Fountain Valley Reg'l Hosp.*, No. SACV 19-00791 JVS, 2019 WL 8219779, at *3 (C.D. Cal. Nov. 25, 2019). This occurs where customer-defendants are "mere purchasers" of the accused product such that they "can add little in the way of how the product works." *Id.* If a plaintiff "does not provide any evidence, and indeed never argues, that any of the [customer-defendants] manufacture or develop" the accused product at issue, the first factor weighs in favor of stay. *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00808, 2022 WL 1037114, at *3 (W.D. Tex. Apr. 6, 2022).

Courts in the Fifth Circuit have consistently found that the first customer-suit exception factor weighs in favor of a stay where a customer-defendant is accused of merely using, operating, or promoting an accused product that had been developed and supplied by a third-party. *See, e.g.*, *Topia Tech., Inc. v. Dropbox, Inc.*, No. 6:21-CV-01373-ADA, 2022 WL 18109619, at *4 (W.D. Tex. Dec. 29, 2022) (finding the first factor favored applying the customer-suit exception because the plaintiff only accused the defendants of "using or promoting" the manufacturer's accused products.); *GreatGigz*, 2022 WL 1037114, at *3 (finding the first factor favored applying the customer-suit exception because the complaint was "predicated entirely on Defendants' use of the supplier's product"); *Lighthouse Consulting Group, LLC v. Truist Bank*, No. 2:19-CV-03340-JRG, 2020 WL 6781977, at *2 (E.D. Tex. Apr. 7, 2020) (finding the first factor favored applying the customer-suit exception because the defendants did not develop or create the accused technology, but merely licensed it from the actual developer and supplier).

Here, Plaintiff's infringement allegations make clear that Defendants are mere downstream purchasers and end-users of the accused slides. Plaintiff does not allege that the Defendants have had any role in the design or manufacture of the accused slides. Rather, Plaintiff's pleadings merely suggest that Defendants infringe on the Design Patent through their "operation and use" of the

6

accused slides that they purchased from one of the Colorado Defendants. Moreover, Plaintiff does not allege that either Defendant manufactures or develops the accused slides themselves. Nor does Plaintiff proffer any evidence or argument suggesting that Defendants have engaged in any development or manufacture of the accused slides. Conversely, Plaintiff directs its pleadings in the Colorado Suit at the parties who are actually responsible for the manufacture and provision of the accused slides to Defendants in this Northern District of Texas suit.

Since Plaintiff's infringement action in the Northern District of Texas suit merely on Defendants' operation and use of the accused slides, the first customer-suit exception factor weighs heavily in favor of a stay.

      2.   <u>Defendants Agree to be Bound by Decisions in the Colorado Suit</u>

An "agreement to be bound by an infringement determination in a separate suit, that will leave little left for the court to adjudicate in the current suit, weighs heavily in favor of staying the current suit." *Wapp Tech. Ltd. P'ship v. Hewlett-Packard Enter. Co.*, No. 4:18-CV-00468, 2019 WL 3818761, at *4 (E.D. Tex. Aug. 14, 2019) (citing *CyWee Grp. Ltd.*, 2018 WL 4002776, at *5); *see also Unicorn Glob., Inc. v. Golabs, Inc.*, No. 3:19-CV-754-N-BT, 2020 WL 9076548, at *2 (N.D. Tex. Oct. 7, 2020) (holding that the second customer-suit exception factor counsels in favor of a stay if the customer-defendant agrees to be bound by the decisions on issues of infringement, invalidity, and enforceability in the separate manufacturer's case).

Assuming *arguendo* there will be residual issues to decide following final resolution of Plaintiff's suit against the Colorado Defendants, Defendants here have agreed to be bound by any infringement determination made in the Colorado Suit—including through final judgment and all appeals—as to the accused slides at issue. This finding strongly favors a stay of this case.

### 3. The Colorado Defendants are the Only Source of the Accused Slides

Where customer-defendants are mere end-users of an accused product, and the plaintiff otherwise fails to deny that the manufacturer in a separate suit is the only source of the accused product, the third customer-suit exception factor favors a stay of a customer suit. *See GreatGigz*, 2022 WL 1037114, at *2-*3. A plaintiff's infringement claims against the manufacturer will necessarily reach its claims against the customers whenever the manufacturer is the only source of the accused products. *See Unicorn Global*, 2020 WL 9076548, at *2.

Here, Plaintiff has expressly defined the accused products in this case to be recreational slides over which the Colorado Defendants had responsibility for the manufacture and sale. The allegations against Defendants here are solely predicated upon their "operation and use" of the exact same accused slides at issue in the Colorado Suit. Plaintiff's pleadings therefore indicate that the Colorado Defendants are the sole source of the allegedly infringing product. The resolution of Plaintiff's claims against the Colorado Defendants in the Colorado Suit will necessarily resolve all of Plaintiff's claims against Defendants in this Northern District of Texas suit. With respect to the third factor, then, these findings counsel in favor of staying this customer suit.

\* \* \* \*

The above findings strongly suggest the potential for the disposition of the Colorado Suit to be dispositive of the major issues in this Northern District of Texas suit. *Katz*, 909 F.2d at 1463. The Court therefore concludes that it should **GRANT** Defendants' Motion and **STAY** the patent infringement action against the customers of the accused slides pending resolution of the Colorado Suit against the manufacturers of the accused slides. The two lawsuits are "so closely related that substantial savings of litigation resources can be expected" from a stay of the customer suit. *In re Google*, 588 F. App'x at 991.

### B. The Motion to Compel Discovery is Moot

Based on the foregoing determination to **STAY** this case pending the resolution of the Colorado Suit, the Court finds that Plaintiff's Motion to Compel should thus be **DENIED as moot** without prejudice to its re-urging upon the lifting of the stay and the resetting of this case for trial. *See, e.g.*, *Seifert v. United Built Homes, LLC*, No. 3:22-CV-1360-E, 2023 WL 4826206, at *10 (N.D. Tex. July 27, 2023); *Cunningham v. CBC Conglomerate LLC*, No. 417CV00793ALMCAN, 2020 WL 5172486 (E.D. Tex. July 29, 2020), *report and recommendation adopted*, No. 4:17-CV-793, 2020 WL 5106797, at *6 (E.D. Tex. Aug. 28, 2020).

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Stay (ECF No. 22) is **GRANTED** and the above-captioned case is **STAYED** pending final resolution of all claims in the Civil Action entitled *Slick Slide LLC v. Reed, et al.*, No. 1:23-cv-1649 (D. Colo.). Plaintiff's Motion to Compel (ECF No. 25) is hereby **DENIED for mootness** without prejudice to the refiling of the same upon the lifting of the stay and the resetting of the above-captioned case for trial.

It is further **ORDERED** that **within seven (7) days** of the resolution of all claims in the Colorado Suit, the parties **SHALL** file a Joint Status Report on the docket notifying the Court of how the parties intend to proceed in the above-captioned case in light of the disposition. The Clerk of Court is **DIRECTED** to administratively close the above-captioned case for statistical purposes until otherwise directed by the Court.

**SO ORDERED** on this **19th day** of **February, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**